## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

MITNOR CORPORATION, d/b/a
Servpro of the Seacoast,

      Plaintiff,

v.                                                    Case No.  5:20-cv-125-TKW/MJF

THE CLUB CONDOMINIUMS and
THE CLUB AT MEXICO BEACH
HOMEOWNERS' ASSOCIATION,
INC.,

      Defendants.

_____/

## **ORDER**

While conducting the deposition of a corporate representative, counsel for Defendants made speaking objections, included in her objections the answers she believed would be appropriate for the deponent, and interrupted the attorney who was conducting the examination of the deponent. Because such conduct violates Rule 30(c)(2) of the Federal Rules of Civil Procedure, Plaintiff requests that this court order a second deposition of the corporate representative and instruct Defendants' counsel not to continue to violate Rule 30(c)(2) at subsequent depositions. For the reasons set forth below, Plaintiff's motion is granted.

# I. Background

On October 10, 2018, Hurricane Michael—a Category Five hurricane on the Saffir-Simpson hurricane wind scale—made landfall near Mexico Beach, Florida. It caused extensive damage in and around Mexico Beach, including to the Club Condominiums. The Club at Mexico Beach Homeowners' Association hired Mitnor Corporation—which does business as "Servpro of the Seacoast" ("Servpro")—to perform remediation, cleaning, and construction at the Club Condominiums. Servpro billed Defendants over five million dollars for labor and materials. After Defendants refused to pay, Servpro initiated this action for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and enforcement of a construction lien.

On July 21, 2021, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Servpro deposed Kimberly Kennedy. Kennedy was one of the designated representatives of The Club at Mexico Beach Homeowners' Association. During Kennedy's deposition, counsel for Defendants repeatedly answered the questions posed to Kennedy. Indeed, Kennedy began to defer to Defendants' counsel for answers. At various times, the Kennedy deposition devolved into lengthy arguments between counsel for Servpro and counsel for Defendants.

On July 23, 2021, pursuant to Rule 30(b)(6), Servpro deposed Jack Shannon Glover.  Glover serves as the president of The Club at Mexico Beach Homeowners'

Association. During Glover's deposition, counsel for Defendants again made speaking objections, interjected questions and lengthy comments, and essentially instructed the deponent not to answer a question posed by counsel. This deposition also devolved into a lengthy argument. Servpro's attorney, therefore, suspended the deposition and filed a motion to compel a second deposition of Glover and for an order requiring Defendants' counsel not to interfere in Glover's deposition.

## II. DISCUSSION

In civil litigation, pretrial depositions are an important part of the discovery process. *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 185 (E.D. Pa. 2008). Depositions serve multiple purposes. Depositions allow a party to find out what a witness saw, heard, did, or thinks. *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 528 (E.D. Pa. 1993). Depositions frequently allow parties to discover key facts and ascertain which deponents will prove to be suitable or desirable witnesses at trial. Depositions also can elicit information that may lead to other useful evidence. *Redwood v. Dobson*, 476 F.3d 462, 469 (7th Cir. 2007). Furthermore, depositions allow a party to "lock" a deponent into key admissions and secure the deponent's "final" version of the relevant events. Once a deponent's testimony is secured in a deposition transcript or recording, it becomes difficult for the deponent to alter his testimony materially. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1306-07 (11th Cir. 2016) (holding that a court may "disregard an affidavit as a matter of law when,

without explanation, it flatly contradicts" a deponent's "prior deposition testimony for the transparent purpose of creating a genuine issue of fact").

The information obtained through pretrial depositions can assist parties in moving for summary judgment or defending against a summary judgment motion. *See* Fed. R. Civ. P. 56. Depositions also help parties determine whether settlement is appropriate or whether the relevant deponents will suffice to establish or disprove elements of claims or defenses. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 321 (D.N.J. 2009). Indeed, in civil actions, depositions are "the factual battleground where the vast majority of litigation actually takes place." *Hall*, 150 F.R.D. at 531. Accordingly, depositions can become contentious, and they increasingly have required greater intervention by the courts.

Because depositions typically occur extra-judicially, the participants in a deposition—particularly the relevant attorneys—are entrusted with the responsibility of conducting depositions efficiently, orderly, and courteously. *See Redwood*, 476 F.3d at 469-70. "For the process to succeed, it is essential that the parties, attorneys, and witnesses participating in depositions conduct themselves with civility and decency." *GMAC Bank*, 248 F.R.D. at 185. Unfortunately, some counsel use the lack of judicial oversight inherent in depositions to obstruct the proceedings or to intimidate parties, witnesses, or counsel. *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98,

99 (S.D. Ohio 1995) (observing that a "deposition is not to be used as a device to intimidate a witness or opposing counsel so as to make that person fear the trial as an experience that will be equally unpleasant, thereby motivating him to either dismiss or settle the complaint."), *vacated on other grounds*, 93 F.3d 1572 (Fed. Cir. 1996).

To prevent the hijacking or misuse of depositions, Rule 30(c) of the Federal Rules of Civil Procedure provides important guidance as to the manner of conducting depositions and lodging objections. *Sec. Nat'l Bank of Sioux City, Iowa v. Day*, 800 F.3d 936, 942 (8th Cir. 2015). The strictures of Rule 30(c) are designed to "expedite and to simplify the discovery process." *Int'l Union of Elec., Radio & Mach. Workers v. Westinghouse Elec. Corp.*, 91 F.R.D. 277, 278 (D.D.C. 1981). Rule 30(c) states in relevant part:

> **(1)** ***Examination and Cross-Examination.*** The examination and cross examination of a deponent proceed as they would at trial under the Federal Rules of evidence, except Rules 103 and 615. . . .

> **(2)** ***Objections.*** An objection at the time of the examination— whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds, the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c).

Here, counsel for Defendants violated Rule 30(c) in several respects in both the Kennedy deposition and the Glover deposition. She contends that her objections and comments were proper, however. Therefore, a brief discussion regarding objections during depositions is warranted.

## A.   <u>Objections Must be Stated Concisely</u>

During depositions, objections must be stated concisely. Fed. R. Civ. P. 30(c)(2). Frequently, that means that an objection can be voiced in as few as two or three words.[1] For example: "Objection, hearsay." But in some instances, an objection may require an entire sentence. For example, "Objection; the question assumes facts not in evidence." Such an objection preserves the objection in the event it becomes

---

[1] Sometimes an objection can be stated in less than two words: an objection that a question seeks irrelevant evidence usually need not be made at all. *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 618 (D. Nev. 1998) ("It is usually not necessary to make an objection based upon irrelevancy."); *Wright v. Firestone Tire & Rubber Co.*, 93 F.R.D. 491, 493 (W.D. Ky. 1982) ("Objections on grounds of relevancy are automatically preserved for trial without the necessity of notation on the record."). Rule 32(d)(3) provides that an objection to the relevance of the testimony is not waived by failure to make the objection during the deposition unless the ground for the objection "might have been corrected at that time." Nevertheless, there is no harm in making a relevance objection.

But "directing a witness not to answer a question on the grounds of relevance is a clear violation of the Federal Rules of Civil Procedure . . . ." *Banks v. Off. of the Senate Sergeant-at-Arms*, 222 F.R.D. 1, 6 (D.D.C. 2004); *accord Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (noting that it "is improper to instruct a witness not to answer a question on the basis of relevance"); *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999) (observing that "it is improper to instruct a witness not to answer a question based on form and relevancy objections").

relevant later, and it also informs the deposing attorney of the need to cure any defect. An objection that information is protected by a privilege also may require a little more explanation to satisfy Rule 26(b)(5)(A). But there certainly is no need for attorneys to argue the merits of an objection during a deposition. That will only prolong the deposition and possibly will taint the testimony of the deponent. There will be plenty of time to argue the merits of an objection at subsequent stages of the litigation.

## B.   <u>Objections Must be Stated Non-argumentatively</u>

"[C]ounsel are expected to conduct themselves in a professional manner during a deposition." *Ethicon Endo-Surgery*, 160 F.R.D. at 99. Accordingly, during a deposition, objections must be stated in a non-argumentative fashion. Fed. R. Civ. P. 30(c)(2). Argumentative objections "improperly disrupt, prolong, and frustrate deposition testimony." *Day*, 800 F.3d at 942 (citing Fed. R. Civ. P. 30(d)(2), Advisory Committee Notes (1993 amendments)). "Because a judge is not present to rule on legal disputes, arguing legal matters during a deposition serves no purpose" other than to waste time and resources. *Ethicon Endo-Surgery*, 160 F.R.D. at 99. Attorneys must not allow bad behavior by opposing counsel to goad them into violating the Federal Rules. When an attorney "engages in improper conduct, such as hurling accusations, arguing, or lecturing witnesses or attorneys, it is not proper for opposing counsel to respond in kind." *Id.* at 100.

**C.**   **Objections Must be Stated in a Manner that Does Not Suggest an Answer**

An attorney who makes an objection during a deposition must not suggest the attorney's preferred answer through his objection. "The fact-finding purpose of a deposition requires testimony from the witness, not from counsel, and without suggestions from counsel." *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012). "Testimony taken during a deposition is to be completely that of the deponent, not a version of the testimony which has been edited or glossed by the deponent's lawyer." *Quantachrome Corp.*, 189 F.R.D. at 700. Objections that "suggest an answer to a witness are called 'speaking objections' and are improper under Rule 30(c)(2)." *Specht v. Google, Inc.*, 268 F.R.D. 596, 598 (N.D. Ill. 2010).

Speaking objections oftentimes communicate to a deponent his counsel's desired answer to a question. *Alexander v. F.B.I.*, 186 F.R.D. 21, 52-53 (D.D.C. 1998) (noting that "[i]t is highly inappropriate for counsel for the witness to provide the witness with responses to deposition questions by means of an objection"). Other times speaking objections are designed to prod the deponent to raise the same objection voiced by counsel. *See McDonough v. Keniston*, 188 F.R.D. 22, 24 (D.N.H. 1998). In other instances, speaking objections are used to alert the deponent that the examiner is eliciting information harmful to the party represented by the objecting counsel. In such instances, the speaking objection is designed to catalyze reticence on the part of the deponent. In yet other situations, speaking objections are designed to antagonize the

examiner and interrupt the flow of the deposition. *Wright*, 93 F.R.D. at 493 (noting that repeated objections may inhibit the continuity of questions); Fed. R. Civ. P. 30(c) Advisory Committee's Note (1993 amendments) ("Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond.").

Regardless of their motivation and purpose in a particular context, speaking objections are impermissible because they inhibit the truth-seeking function of depositions. "Speaking objections and coaching objections are simply not permitted in depositions in federal cases." *McDonough*, 188 F.R.D. at 24. Rather, an attorney's objections during a deposition "should be succinct and verbally economical, stating the basis of the objection and nothing more." *Damaj v. Farmers Ins. Co.*, 164 F.R.D. 559, 561 (N.D. Okla. 1995).

**D.     Ambiguous Questions Warrant an Objection, Not an Argument**

Language is the finite media through which people seek to express complex ideas. Frequently language is not up to the task and ambiguities result. *Harnischfeger Corp. v. Harbor Ins. Co.*, 927 F.2d 974, 976 (7th Cir. 1991) (noting that "language always leaves some ambiguities, whether verbal (intrinsic) or situational (extrinsic)"). Unfortunately, few "words of general use are limited to one meaning . . . ." Roscoe Pound, *The Causes of Popular Dissatisfaction with the Administration of Justice*, 8 BAYLOR L. REV. 1, 1 (1956). Readers and listeners of language, therefore, frequently

must attempt to determine the intended meaning of a word or phrase. In light of the ambiguity inherent in language, failure to define terms can prove problematic in depositions and trials, not to mention daily life. "A loose vocabulary is a fruitful mother of evils. It would be difficult to overestimate the harm wrought by the ambiguity of" certain terms. John C. Gray, *Some Definitions and Questions in Jurisprudence*, 6 HARV. L. REV. 21, 21 (1892).

It almost is inevitable that attorneys will ask ambiguous questions during depositions. In many instances opposing counsel can identify the ambiguity and quickly resolve the matter.[2] Under the law, however, an ambiguous question warrants only a concise objection from counsel. An objection to an ambiguous question can effectively be made with two simple words: "Objection; ambiguous." The deposing counsel then can clarify his question—if he believes that is necessary. "If the witness does not understand the question, or needs some language further defined or some documents further explained, the witness can ask the deposing lawyer to clarify or further explain the question. After all, the lawyer who asked the question is in a better position to explain the question than is the witness's own lawyer." *Hall*, 150 F.R.D. at

---

[2] Reasonable counsel usually can resolve such issues amongst themselves informally and without resorting to the fine letter of the law. But when that is not possible, the law supplies the proper, if more cumbersome, procedure. As Grant Gilmore observed: "In Heaven there will be no law, and the lion will lie down with the lamb. . . .  In Hell there will be nothing but law, and due process will be meticulously observed." GRANT GILMORE, THE AGES OF AMERICAN LAW 111 (1977).

528-29; *see Quantachrome Corp.*, 189 F.R.D. at 701 (observing that "the deponent should ask deposing counsel, not his own counsel, for clarification of any question"). Or, if the deponent does not ascertain any ambiguity, he can answer the question and perhaps explain his understanding of the word or phrase that purportedly is ambiguous. A short objection preserves the issue and will sufficiently highlight the ambiguity for any court that later encounters a transcript of the deposition.

When ambiguity arises, however, it is improper for counsel to make lengthy, speaking objections. It is also improper for deponent's counsel to ask multiple questions of the examining counsel in an attempt to clarify a purportedly ambiguous question. *Wright*, 93 F.R.D. at 493 (noting that an attorney's repeated interjection of inquiries as to the meaning of questions was improper). Such conduct easily can lead to "coaching" a deponent and thereby crafting the deponent's answer. Instead, after voicing an objection regarding the ambiguity—if the examining attorney fails to ameliorate the ambiguity—the objecting counsel simply must wait for cross-examination to attempt to address the ambiguity.

**E.** **The Right to Instruct a Deponent Not to Answer a Question is Limited**

"[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Lozan v. Md. Cas. Co.*, 850 F.2d 1470, 1473 (11th Cir. 1988) (citing Fed. R. Civ. P. 26, Advisory Committee's Note). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, "discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert*, 441 U.S. at 177. The Federal Rules "strongly favor full discovery whenever possible." *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013). Broad discovery allows the parties to see the full spectrum of evidence that exists in a case. This helps litigants avoid surprises, leads to the speedier settlement of cases, and helps prevent miscarriages of justice in cases where evidence otherwise would be available to only one party. *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988).

Consistent with the goal of affording litigants broad discovery, Rule 30(c)(2) "provides only three justifications for instructing a deponent not to answer a question: to preserve a privilege; to enforce a limitation imposed by the court; or to present a Rule 30(d)(3) motion." *Rojas v. X Motorsport, Inc.*, 275 F. Supp. 3d 898, 902 (N.D. Ill. 2017); *Gober v. City of Leesburg*, 197 F.R.D. 519, 520 (M.D. Fla. 2000); *see Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("A party may instruct a deposition witness not to answer when necessary to preserve a privilege."); *Boyd v. Univ. of Md. Med. Sys.*, 173 F.R.D. 143, 145 (D. Md. 1997) (noting that "if a question was asked during the deposition which trespassed into an area proscribed by

the Court's order, an instruction not to answer would be appropriate").[3] These exceptions permit parties to protect trade secrets and privileged information, as well as ensure that deponents are not subject to harassment.[4]

When an attorney instructs a deponent not to answer a question based on one of the reasons enumerated in Rule 30(c)(2), he must *immediately* seek a protective order from the relevant court, unless one was obtained prior to the deposition or the examining counsel *on the record* agrees to withdraw the objectionable question.[5] *Am. Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 175 (D. Mass. 1985); 8A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2113, at 559 (3d ed. 2010). Unless the examining attorney agrees to withdraw the offending question or a party

---

[3] To preserve a privilege, an attorney *must* instruct a deponent not to answer a question that would elicit privileged information, lest the privilege be waived by the deponent's disclosure. *W.C. Grace & Co. v. Pullman, Inc.*, 74 F.R.D. 80, 85 (W.D. Okla. 1977) (acknowledging that lodging an objection and then allowing a witness to reveal privileged information "would undermine the protection afforded by the privilege and would constitute a waiver of such privilege").

[4] When a party anticipates that counsel may seek to elicit from a deponent trade secrets or privileged information, the party may seek a protective order prior to a deposition. Otherwise, the "remedy for oppressive, annoying and improper deposition questioning is not to simply instruct the deponent not to answer, but rather, it also requires suspending the deposition and filing a motion under Rule 30(d)(3)." *McDonough*, 188 F.R.D. at 24.

[5] Of course, a party also may move to compel an answer if a deponent fails to answer a question asked under Rule 30 or 31. Fed. R. Civ. P. 37(a)(3)(B)(i). But a motion to compel does not absolve the deponent's attorney from his duty to move for a protective order after he instructs the deponent not to answer a question.

already has obtained a protective order, objecting counsel violates Rule 30(c)(2) when he instructs a deponent not to answer a question and fails to move for a protective order. *Redwood*, 476 F.3d at 468 (noting that counsel violated Rule 30(c)(2) when he repeatedly instructed the deponent not to answer questions but never moved for a protective order); *Quantachrome Corp.*, 189 F.R.D. at 701 (noting that "counsel may instruct the witness not to answer or may halt the deposition . . . only if he intends to move for a protective order under Rule 30(d)(3)"); *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling, A Div. of Equifax Servs., Inc.*, 120 F.R.D. 504, 508 (W.D. La. 1988) (noting that "it is the duty of the attorney instructing the witness not to answer to immediately seek a protective order").

"Directions to a deponent not to answer a question can be even more disrupting than objections." Rule 30, Advisory Committee's Note (1993 amendments). Accordingly, absent one of the three exceptions articulated in Rule 30(c)(2), it is impermissible for an attorney to instruct a deponent not to answer a question. *Redwood*, 476 F.3d at 467-68; *Ralston Purina v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977); *Boyd*, 173 F.R.D. at 147; *Wilson v. Martin Cnty. Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993); *First Tenn. Bank v. Fed. Deposit Ins.*, 108 F.R.D. 640, 641 (E.D. Tenn. 1985). For example, it is impermissible to instruct a deponent not to answer a question because the question seeks irrelevant information, the question already was asked and answered, or because the question exceeds the scope of the

deposition notice. *U.S. ex rel. Tiesinga v. Dianon Sys., Inc.*, 240 F.R.D. 40, 43 (D. Conn. 2006); *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 74 (D. Neb. 1995); *Hearst/ABC-Viacom Ent. Servs. v. Goodway Mktg., Inc.*, 145 F.R.D. 59, 63 (E.D. Pa. 1992); *Gall v. St. Elizabeth Med. Ctr.*, 130 F.R.D. 85, 87 (S.D. Ohio 1990). This requirement that deponents answer all questions—when one of the three exceptions of Rule 30(c)(2) does not apply—is consistent with the understanding that courts, not counsel, rule on objections. *In re Omeprazole Patent Litig.*, 227 F.R.D. 227, 230 (S.D.N.Y. 2005) ("It is not the prerogative of counsel, but of the court, to rule on objections . . . ."); *Ethicon Endo-Surgery*, 160 F.R.D. at 99 (noting that "counsel does not have the right to unilaterally decide such issues by instructing the witness not to answer").

Unless one of the exceptions enumerated in Rule 30(c)(2) is applicable, an attorney typically should lodge a succinct objection to preserve the issue, allow the deponent to answer the question, and then, if necessary, raise the issue with the court in a pretrial or trial motion. *See Nat'l Microsales Corp. v. Chase Manhattan Bank, N.A.*, 761 F. Supp. 304, 307 (S.D.N.Y. 1991) (noting the proper procedure for non-privilege objections "is for the attorney who raises the objection to note his objection but to allow the question to be answered"); *Coates v. Johnson & Johnson*, 85 F.R.D. 731, 733 (N.D. Ill. 1980) ("If counsel objects to a question, he should state his objection for the record and then allow the question to be answered subject to his

objection."). This procedure "conserves the parties' or witnesses' time and money, as well as judicial resources, and expedites the trial of the lawsuit." *Drew v. Sulphite & Paper Mill Workers*, 37 F.R.D. 446, 449-50 (D.D.C. 1965). Because many civil actions settle before trial—and even in cases that result in trial, evidentiary objections made during a deposition may be irrelevant—this procedure usually will be the most efficient means of conducting depositions while simultaneously preserving objections. But "instructing a witness not to answer a question because it calls for inadmissible facts is sanctionable." *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. at 618-19.

**F.**   <u>**Questions Which Exceed the Scope of the Rule 30(b)(6) Designation**</u>

The fact that a deponent is testifying as a designated corporate representative under Rule 30(b)(6) does not fundamentally change the procedure regarding objections. But litigants must be mindful that the "testimony of a Rule 30(b)(6) witness represents the collective knowledge of the corporation, not of the specific individual deponents. A Rule 30(b)(6) designee presents the corporation's position on the listed topics." *QBE Ins. v. Jorda Enter., Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012). When the deponent is a designated corporate representative pursuant to Rule 30(b)(6), and the examining attorney poses questions that are outside the scope of the 30(b)(6) designation, counsel cannot instruct the witness not to answer the questions solely because they exceed the scope of the designation. *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 554 (D. Del. 2014); *Cabot Corp. v. Yamulla Enters., Inc.*, 194

F.R.D. 499, 500 (M.D. Pa. 2000); *Overseas Private Inv. Corp. v. Mandelbaum*, 185 F.R.D. 67, 68 (D.D.C. 1999); *King v. Pratt & Whitney, a Div. of United Techs., Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *aff'd sub nom*, *King v. Pratt & Whitney*, 213 F.3d 646 (11th Cir. 2000).

"[O]nce a corporation has produced someone capable of speaking to the matters described in the notice of deposition, the scope of the inquiry is guided only by the general discovery standard of Fed. R. Civ. P. 26(b)(1)." *Mandelbaum*, 185 F.R.D. at 68. If the corporate-representative deponent lacks sufficient knowledge to answer a question, he can simply state as much. On the other hand, if the deponent knows from his personal knowledge the answer to the question—even though it is beyond the scope of the Rule 30(b)(6) designation—he must answer the question. If that occurs, counsel "may note on the record that answers to questions beyond the scope of the Rule 30(b)(6) designation are not intended as the answers of the designating party and do not bind the designating party. Prior to trial, counsel may request from the trial judge jury instructions that such answers were merely the answers or opinions of individual fact witnesses, not admissions of the party." *Detoy v. City & Cnty. of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); *see McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 241 F. Supp. 3d 737, 752 (N.D. Tex. 2017) (explaining that "questions and answers exceeding the scope of the 30(b)(6) notice . . . are merely treated as the answers of the individual deponent") (internal quotations and citations

omitted); *Falchenberg v. N.Y. State Dep't of Educ.*, 642 F. Supp. 2d 156, 164 (S.D.N.Y. 2008) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent."), *aff'd on other grounds*, 338 F. App'x 11 (2d Cir. 2009); 8A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2103, at 475 (3d ed. 2010) (noting that although a Rule 30(b)(6) "witness might well provide individual testimony about additional relevant topics" beyond the scope of the designation, "that testimony should not normally be considered to be offered on behalf of the corporation unless the witness is also an officer or managing agent of the firm").

## G.   <u>The Appropriate Sanction</u>

As a sanction for Defendants' counsel's conduct, Servpro asks for a second deposition of the deponent, Jack Shannon Glover. Defendants do not oppose this relief, and this court will grant it. *See McDonough*, 188 F.R.D. 25 (permitting a second deposition of a deponent as a sanction for improper objections during the deponent's initial deposition); *O'Brien v. Amtrak*, 163 F.R.D. 232, 236 (E.D. Pa. 1995) (noting that allowing a second deposition of a deponent is an appropriate sanction for a violation of Rule 30(c)).

Servpro also asks that this court instruct Defendants' counsel to refrain from making speaking objections, coaching deponents, testifying (*i.e.*, answering the questions posed instead of allowing the witnesses to testify), and marking arguments.

This court is confident that counsel will take to heart the discussion set forth above and, henceforth, will make every effort to comply with the Federal Rules.

This court also has the authority *sua sponte* to impose sanctions to serve as both a specific and general deterrent of the conduct described above. Rule 30(d)(2) permits an "appropriate sanction—including reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2); *see also* 28 U.S.C. § 1927 ("An attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). District courts also have a "'well-acknowledged' inherent power . . . to levy sanctions in response to abusive litigation practices." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980). Sanctions may be "imposed to deter ongoing and subsequent discovery abuses." *Day*, 800 F.3d at 942. But any sanction for a discovery violation "must be exercised with restraint and discretion, to assure that the sanction is proportionate to the offending conduct." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc*., 244 F.R.D. 614, 636 (D. Colo. 2007).

This court will not impose a monetary sanction because, among other things, Glover's deposition lasted less than twenty minutes, it terminated at or about its scheduled time, and it occurred remotely over a videoconference system. Thus, the expenses associated with the deposition were minimal and a continuation of the

deposition would have been required regardless of counsel's conduct. Furthermore, counsel for Servpro confessed that his conduct during a deposition of a Servpro employee also was not in accordance with Rule 30. Any monetary penalty that this court would impose on Servpro's counsel would completely or partially offset any penalty this court would impose on Defendants' counsel. Accordingly, for these and other reasons, this court will not impose a monetary sanction on either counsel.

### III. CONCLUSION

"It is precisely when animosity runs high that playing by the rules is vital. Rules of legal procedure are designed to defuse, or at least channel into set forms, the heated feelings that accompany much litigation." *Redwood*, 476 F.3d at 469. Because counsel for Defendants violated Rule 30(c) in various respects, this court **GRANTS** Servpro's motion to compel and for sanctions.

**SO ORDERED** this 11th day of August, 2021.


/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**